

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| CATHERINE STEWART, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:21-CV-204 |
| § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM ORDER DIRECTING INTRA-DISTRICT TRANSFER

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the Eastern District of Texas, this matter is referred to the undersigned magistrate judge for management and recommended disposition. Plaintiff, represented by counsel, filed a complaint seeking review of the Commissioner's decision denying the plaintiff's application for Social Security benefits.

According to plaintiff's complaint, the plaintiff is a resident of Hemphill, Texas, which is in Sabine County. Sabine County is located in the Lufkin Division of the United States District Court for the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(6). Plaintiff's counsel is located in Houston, Texas, located in Harris County, which is within the Southern District of Texas. *See* 28 U.S.C. § 124(b)(2). There is no indication that plaintiff's case has any connection to the Beaumont Division for the Eastern District of Texas.

42 U.S.C. § 405(g) provides that an individual may obtain judicial review of the Commissioner's final decision regarding benefits by filing the action for review "in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business[.]" *See* 42 U.S.C. § 405(g). As noted above, the plaintiff's complaint states that she resides in Hemphill, Sabine County, Texas. There is no indication that a principal place of business is relevant in this case.

The Court has the inherent power to transfer cases from one division to another for the expeditious administration of justice. *See Hutchinson v. Pfeil*, 211 F.3d 515, 523 (10th Cir. 2000); *United States v. Martinez*, 686 F.2d 334, 338 (5th Cir. 1982) (quotations omitted); *see also VLSI Tech. LLC v. Intel Corp.*, No. 1:19-CV-00977-ADA, 2020 WL 8254867, at *2 (W.D. Tex. Dec. 31, 2020) ("it is well-settled that trial courts have even greater discretion in granting intra-district transfers than they do in the case of inter-district transfers") (citing *Sundell v. Cisco Systems Inc.*, 1997 WL 156824, at *1, 111 F.3d 892 (5th Cir. 1997) ("Under 28 U.S.C. § 1404(b), the district court has broad discretion in deciding whether to transfer a civil action from a division in which it is pending to any other division in the same district.") 28 U.S.C. § 1406(a) also provides that, in the interests of justice, a case filed in the wrong district or division should be transferred to any district or division in which it could have been brought. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citing 28 U.S.C. § 1406(a)). Because an intra-district transfer is not case-dispositive, it is also within the power of a United States Magistrate to order such a transfer. *See* 28 U.S.C. § 636(b)(1).

Based on the plaintiff's residency and the authority cited above, the undersigned concludes that this case should be transferred to the Lufkin Division of this court in the interest of justice. *See* 28 U.S.C. §§ 1404(a) and 1406(a). It is therefore **ORDERED** that this case is

**TRANSFERRED** to the **Lufkin Division** of the United States District Court for the Eastern District of Texas. Upon transfer, the Clerk is directed to close this case number in the Beaumont Division.

    It is so ordered.

        **SIGNED this the 14th day of June, 2021.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE